# Exhibit B



**Division of Human Rights**

**ANDREW M. CUOMO**
Governor

**HELEN DIANE FOSTER**
Commissioner

October 31, 2016

Abigail Clarke
536 East Kelly Lane
Tempe, AZ 85284

        Re:    Abigail Clarke v. Metropolitan Museum of Art, Jose Rivero, Fabricio Trejos
              Case No. 10184607

Dear Abigail Clarke:

    Please be advised that this office has received your complaint. Your filing date is 10/19/2016.

    To protect your rights, it is essential that the Division be notified promptly of any change in your address or telephone number. A form is enclosed for this purpose.

    You will be contacted by the Human Rights Specialist assigned to your case when the active investigation of your complaint begins. In the meantime, if you have any questions please call our office at (718) 722-2060.

                                            Very truly yours,

                                            Joyce Yearwood-Drury
                                            Director O.S.H.I.

cc:    Tiffany Ma, Esq.
        Young & Ma, LLP
        575 Lexington Avenue Suite 4085
        New York, NY 10022

# NEW YORK STATE
# DIVISION OF HUMAN RIGHTS

## DO NOT JEOPARDIZE YOUR RIGHTS. COMPLETE AND RETURN THIS FORM TO THE REGIONAL OFFICE IF YOU MOVE.

Return to:
**NYS Division of Human Rights**
**Office of Sexual Harassment Issues**
**55 Hanson Place, Room 900**
**Brooklyn, New York 11217**
or by fax to: **(718) 722-4525**

PLEASE PRINT

Re:  Abigail Clarke v. Metropolitan Museum of Art, Jose Rivero, Fabricio Trejos
     CASE NO: 10184607

COMPLAINANT'S NAME: Abigail Clarke

New name, address, and/or telephone:

NAME: _____

ADDRESS: _____

_____

TELEPHONE NO: _____

DAYTIME/OTHER TELEPHONE NO: _____

I WILL BE AT MY NEW ADDRESS ON OR AFTER: _____

Please indicate below the name, address, and telephone number of a person who may be contacted and will know your whereabouts if the Division cannot locate you:

_____

_____

_____

_____

_____      _____
Date                              Complainant's Signature



## Division of Human Rights

**ANDREW M. CUOMO**
Governor

**HELEN DIANE FOSTER**
Commissioner

# INFORMATION FOR COMPLAINANTS
## CONCERNING COMPLAINT PROCEDURES OF
## NEW YORK STATE DIVISION OF HUMAN RIGHTS

The New York State Division of Human Rights is a State agency mandated to receive, investigate and resolve complaints of discrimination under N.Y. Executive Law, Article 15 ("Human Rights Law"). The Division's role is to fairly and thoroughly investigate the allegations in light of all evidence gathered.

**YOUR RIGHTS AND RESPONSIBILITIES AS A COMPLAINANT**

- You have a right to obtain a private attorney at any time, but you are not required to do so.
- If you experience any further conduct by the Respondent that you believe is discriminatory, or is in retaliation for filing your complaint, you should immediately report it to the Division of Human Rights.
- You must notify the Division of any change in your address or telephone number. If the Division cannot contact you, we may not be able to proceed with your case. Inability to locate you will result in the eventual administrative dismissal of your case.
- Your complaint may voluntarily be withdrawn in writing by you at any time. The withdrawal form must be signed by you or your attorney (original or fax will be accepted). A withdrawal form may be obtained from the Division.
- Conciliation or settlement is possible at all points in the proceeding, and the Division may provide assistance with conciliation or settlement at the request of any party.
- You, or your attorney, may review the Division's file in this matter, and may copy by hand any material in the file, or obtain photocopies at a nominal charge. The Respondent in this matter has the same right to review the file.

**WHAT IS THE INVESTIGATIVE PROCEDURE?**

The Division represents neither the Complainant nor the Respondent. The Division pursues the State's interest in the proper resolution of the matter in accordance with the Human Rights Law. Upon receipt of a complaint, the regional office will:

- Notify the Respondent(s). (A Respondent is a person or entity about whose action the Complainant complains.)
- Resolve issues of questionable jurisdiction.

- Forward a copy of the complaint to the U.S. Equal Employment Opportunity Commission (EEOC) or the U.S. Department of Housing and Urban Development (HUD), where applicable. Such federal filing creates a complaint separate and apart from the complaint filed with the Division, and protects your rights under federal law, although in most cases only one investigation is conducted pursuant to work-sharing agreements with these federal agencies.
- Investigate the complaint through appropriate methods (written inquiry, field investigation, witness interviews, requests for documents, investigatory conference, etc.), in the discretion of the Regional Director. The investigation of the complaint is to be objective.
- Allow the parties to settle the matter by reaching agreement on terms acceptable to the Complainant, Respondent and the Division. The Division will allow settlement from the time of filing until the matter reaches a final resolution.
- Determine whether or not there is probable cause to believe that an act of discrimination has occurred, if the matter cannot be settled prior to that Determination. The Division will notify the Complainant and Respondent in writing of the Determination.

**WHAT IS THE DIVISION'S POLICY ON ADJOURNMENTS AND EXTENSIONS?**

It is the Division's policy to investigate all cases promptly and expeditiously. Therefore, you are expected to cooperate with the investigation fully and promptly. No deadlines will be extended at any time during the investigation, unless good cause is shown in a written application submitted at least five (5) calendar days prior to the original deadline.

**WHAT IS THE PROCEDURE FOLLOWING THE INVESTIGATION?**

If there is a Determination of no probable cause, lack of jurisdiction, or any other type of dismissal of the case, the Complainant may appeal to the State Supreme Court within 60 days.

If the Determination is one of probable cause, there is no appeal to court. The case then proceeds to public hearing before an Administrative Law Judge. Under Rule 465.20 (9 N.Y.C.R.R. § 465.20), the Respondent may ask the Commissioner of Human Rights within 60 days of the finding of probable cause to review the finding of probable cause.

**WHAT IS A PUBLIC HEARING?**

A public hearing, pursuant to the Human Rights Law, is a trial-like proceeding at which relevant evidence is placed in the hearing record. It is a hearing de novo, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record. The public hearing is presided over by an Administrative Law Judge, and a verbatim transcript is made of the proceedings.

The hearing may last one or more days, not always consecutive. Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

The Complainant can retain private counsel for the hearing, but is not required to do so. If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint. Respondent can retain private counsel for the hearing, and, if Respondent is

a corporation, is required to be represented by legal counsel. Attorneys for the parties or for the Division may issue subpoenas for documents and to compel the presence of witnesses.

At the conclusion of the hearing sessions, a proposed Order is prepared by the Administrative Law Judge and is sent to the parties for comment.

A final Order is issued by the Commissioner. The Commissioner either dismisses the complaint or finds discrimination. If discrimination is found, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation of disability. The Division may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in the case of housing discrimination, punitive damages, attorney's fees and civil fines and penalties. A Commissioner's Order may be appealed by either party to the State Supreme Court within 60 days. Orders after hearing are transferred by the lower court to the Appellate Division for review.

**WHAT IS A COMPLIANCE INVESTIGATION?**

The compliance investigation unit verifies whether the Respondent has complied with the provisions of the Commissioner's Order. If the Respondent has not complied, enforcement proceedings in court may be brought by the Division.

**NOTICE PURSUANT TO PERSONAL PRIVACY PROTECTION LAW**

Pursuant to the Human Rights Law, the Division collects certain personal information from individuals filing complaints and from those against whom a complaint has been filed. The information is necessary to conduct a proper investigation; failure to provide such information could impair the Division's ability to properly investigate the matter. This information is maintained in a computerized Case Management System maintained by the Division's Director of Information Technology, who is located at One Fordham Plaza, Bronx, New York, (718) 741-8365.

**GENERAL INFORMATION**

For a more detailed explanation of the process, see the Division's Rules of Practice (9 N.Y.C.R.R. § 465) available on our website www.dhr.ny.gov. If you have any additional questions about the process, the investigator assigned to the case will be available to answer most questions.

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| NEW YORK STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>ABIGAIL CLARKE,<br>                              Complainant,<br>v.<br><br>METROPOLITAN MUSEUM OF ART, JOSE RIVERO, FABRICIO TREJOS,<br>                              Respondents. | VERIFIED COMPLAINT<br>Pursuant to Executive Law, Article 15<br><br>Case No.<br>**10184607** |

  I, Abigail Clarke, residing at 536 East Kelly Lane, Tempe, AZ, 85284, charge the above named respondents, whose address is Office of the Senior Vice President, Secretary, and General Counsel 1000 5th Avenue, New York, NY, 10028-0198 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color, sex, opposed discrimination/retaliation.

  Date most recent or continuing discrimination took place is 10/28/2015.

  The allegations are:

**See attached complaint**

Based on the foregoing, I charge respondents with an unlawful discriminatory practice relating to employment because of race/color, sex, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

RECEIVED
OCT 26 2016
O.S.H.I.

RECEIVED
OCT 1 9 2016
UPPER MANHATTAN
REGIONAL OFFICE

# New York State Division of Human Rights Complaint Form

## CONTACT INFORMATION

**My contact information:**

Name: Abigail Clarke
Address: 536 E Kelly Lane     Apt or Floor #: ___
City: Tempe    State: AZ    Zip: 85284

## REGULATED AREAS

**I believe I was discriminated against in the area of:**

☒ Employment
☐ Education
☐ Volunteer firefighting
☐ Apprentice Training
☐ Boycotting/Blacklisting
☐ Credit
☐ Public Accommodations (Restaurants, stores, hotels, movie theaters amusement parks, etc.)
☐ Housing
☐ Commercial Space
☐ Labor Union, Employment Agencies
☐ Internship

**I am filing a complaint against:**

Company or Other Name: Met. Museum of Art
Address: 1000 Fifth Avenue
City: New York    State: NY    Zip: 10028
Telephone Number: 212 570 3884
               (area code)

**Individual people who discriminated against me:**

Name: Jose Rivero        Name: Fabricio Trejos
Title: Sr.A.Security     Title: Supervisor

## DATE OF DISCRIMINATION

The most recent act of discrimination happened on: 10 / 28 / 2015
                                                    month  day  year

3

## BASIS OF DISCRIMINATION

Please tell us why you were discriminated against by checking one or more of the boxes below.



You do not need to provide information for every type of discrimination on this list. Before you check a box, make sure you are checking it only if you believe it was a reason for the discrimination. Please look at the list on Page 1 for an explanation of each type of discrimination.

**Please note:** Some types of discrimination on this list do not apply to all of the regulated areas listed on Page 3. (For example, Conviction Record applies only to Employment and Credit complaints, and Domestic Violence Victim Status is a basis only in Employment complaints). These exceptions are listed next to the types of discrimination below.

### I believe I was discriminated against because of my:

| | |
|---|---|
| ☐ **Age** (Does not apply to Public Accommodations)<br>Date of Birth: | ☐ **Genetic Predisposition** (Employment only)<br>Please specify: |
| ☐ **Arrest Record** (Only for Employment, Licensing, and Credit)<br>Please specify: | ☐ **Marital Status**<br>Please specify: |
| ☐ **Conviction Record** (Employment and Credit only)<br>Please specify: | ☐ **Military Status:**<br>Please specify: |
| ☐ **Creed / Religion**<br>Please specify: | ☐ **National Origin**<br>Please specify: |
| ☐ **Disability**<br>Please specify: | ☒ **Race/Color or Ethnicity**<br>Please specify: **Half African American** |
| ☐ **Pregnancy-Related Condition:**<br>Please specify: | ☒ **Sex**<br>Please specify: ☐ Female  ☐ Male<br>☐ Pregnancy<br>☒ Sexual Harassment |
| ☐ **Domestic Violence Victim Status:**<br>(Employment only)<br>Please specify: | ☐ **Sexual Orientation**<br>Please specify: |
| ☐ **Familial Status** (Does not apply to Public Accommodations or Education)<br>Please specify: | ☒ **Retaliation** (if you filed a discrimination case before, or helped someone else with a discrimination case, or reported discrimination due to race, sex, or any other category listed above)<br>Please specify: **Forced to resign** |



Before you turn to the next page, please check this list to make sure that you provided information **only** for the type of discrimination that relates to your complaint.

5

# EMPLOYMENT OR INTERNSHIP DISCRIMINATION

*Please answer the questions on this page only if you were discriminated against in the area of employment or internship. If not, turn to the next page.*

**How many employees does this company have?**
☐ 1-3  ☐ 4-14  ☐ 15 or more  ☒ 20 or more  ☐ Don't know

**Are you currently working for the company?**

☐ Yes
Date of hire: (____ Month ____ day ____ year)   What is your job title? _____

☒ No
Last day of work: ( 10 Month   28 day   2015 year )   What was your job title? _____

☐ I was not hired by the company
Date of application: (____ Month ____ day ____ year)

## ACTS OF DISCRIMINATION

**What did the person/company you are complaining against do? Please check all that apply.**

☐ Refused to hire me
☒ Fired me / laid me off
☐ Did not call me back after a lay-off
☒ Demoted me
☐ Suspended me
☐ Sexually harassed me
☐ Harassed or intimidated me (other than sexual harassment)
☒ Denied me training
☒ Denied me a promotion or pay raise
☒ Denied me leave time or other benefits
☒ Paid me a lower salary than other workers in my same title
☒ Gave me different or worse job duties than other workers in my same title
☐ Denied me an accommodation for my disability
☐ Denied me an accommodation for my religious practices
☐ Gave me a disciplinary notice or negative performance evaluation
☒ Other: Gender and Race Discrimination, Sexual Harassment

6

NEW YORK STATE
DIVISION OF HUMAN RIGHTS
-------------------------------------------------------------x
ABIGAIL CLARKE                                               :
                                                             :
                               Complainant,                  :
                                                             :
             -against-                                       :
                                                             :
                                                             :
                                                             :
METROPOLITAN MUSEUM OF ART,                                  :
                                                             :
                               Respondent.                   :
                                                             :
-------------------------------------------------------------x

Abigail Clarke, being duly sworn, deposes and says:

1. I, Abigail Clarke ("Abigail") am the Complainant in this matter, and I submit this affidavit in support of my Complaint of Discrimination. I believe that Respondent, the Metropolitan Museum of Art ("the Met") discriminated against me based on my gender and race as set forth in this Affidavit and retaliated against me after I reported discriminatory conduct to Human Resources.

2. I worked at the Met for roughly 4 years. I moved across the country from Arizona to New York in order to take my first position with the Met. I have a bachelor's degree in art history from the University of Arizona, a MA certificate from the Association for Research into Crimes against Art and a master's degree in Museum Studies from Johns Hopkins University.

3. I am a half African American female who worked as a security guard at the Met. I was miscategorized in the Met identification system as Hispanic. When coworkers and supervisors found out I was Black, I was treated much worse.

4. My last day of work for the Met was October 28, 2015 due to the increased anxiety and health deterioration I had been experiencing with my job and Human Resources telling me that I should leave my job by saying they would not contest my unemployment insurance.

## Background

5. The Met, located in New York City, is the largest museum in the United States. It has more than 2,500 employees and about 23 stores around the country.

6. Prior to working at the Met, I have always wanted to work in art and at a museum. This is why I received a bachelor's in Art History from University of Arizona, a Master's Certificate in International Art Crime and Cultural Heritage Protection from the Association for

Research Into Crimes Against Art, and a Master's in Museum Studies at John Hopkins University (with a 3.9 GPA). I was also accepted into the Studio Art Center International Art Conservation Program and Robert Wittman's Art Crime Investigation Seminar. My artwork has been hung at the Met Employee Art Show. I was a member of Sigma Alpha Lambda National Leadership and Honors Organization in school. I am fluent in Italian and Spanish.

7. I worked at You Can Paint Studio and Gallery in Arizona after school before I moved across the country to fulfill my dream of working at the Met.

8. Beginning in 2011, I was employed by the Met as a Senior Security Officer. In 2014, I was promoted to Security Dispatcher responsible for the safety of the museum's collection, building, and visitors, responding to any and all incidents, which included alarms and emergencies.

9. While employed at the Met, I was a consistent loyal performer. I was entrusted with responsibilities, including training new security guards.

10. During my tenure with the Met, there were multiple acts of gender discrimination, race discrimination and sexual harassment to which I was subjected. Throughout my time as an employee, I was discouraged from submitting reports to Human Resources ("HR") and the continued acts of gender discrimination, race discrimination, bullying and sexual harassment did not end. Additionally, each time I reported an incident to HR on the basis of discrimination, they would turn the conversation into a hostile one that was accusatory towards me. After each report, I was retaliated against and isolated.

11. During my time at the Met, only one woman has ever been promoted to management.

<u>Sexual Harassment, Gender Discrimination, Race Discrimination and Retaliation</u>

12. In 2013, a male guard, Marcello Accardo, wanted to dance with me and grabbed my hand. I had to ask him two or three times to let go. When I brought the incident to Jim Noone ("Jim") in HR, he first asked me, "Do you think he was just being playful?" and suggested that I was overreacting. After much persistence, Jim reviewed the footage and only believed my testimony after that review. If the footage had not been found, I would have been retaliated against, as I have in the next incidents of discrimination and harassment.

13. On or around November 27, 2013, another male employee, Joe Colone ("Joe"), reprimanded me by yelling at me for my saying "Happy Thanksgiving" and "Happy Holidays" to fellow employees. He was so aggressive and so loud that I started to cry. He is more aggressive to female employees. He screamed at me again on December 5, 2013. I reported this to Jim, who once again questioned me and asked, "What did YOU do wrong?" Although there were many witnesses to how Joe treated me unfairly, yelling cannot be captured in a video. Therefore, Jim was very impatient because of my previous sexual harassment report even through he knew it was legitimate. Because of the heavy doubt of my legitimate report and because of the extremely negative attitude towards me for it, I placed a December 9, 2013

written report into my personnel files about the gender discrimination and even noted that I felt I had a basis to report it to discrimination agencies.

14. Fabricio Trejos ("Fabricio"), a male employee and my supervisor, was very unsupportive of me in my work because I am a woman. From day one, he told me to figure things out by myself at work and never kept me informed of what was happening. He asked me to perform work that was not within my role and constantly did things to sabotage women at the Met. Although my supervisor, John Packert ("John"), another male employee, was aware of this and it was reported to him, he did nothing to remedy the situation. Many times, Fabricio asked me to work past 7 pm although I had to clock out and therefore did not receive overtime. This further demonstrates the hostile work environment towards women at the Met.

15. Because senior supervisors ignored my reports about Fabricio, he was empowered to worsen his treatment towards me and one day he told other employees that he would kill me. He has assaulted another employee, Ray Marmo, and I had every reason to believe he would make good on this threat.

16. In December of 2014, Fabricio went on break without informing me and my co-worker, Ryan Siskar ("Ryan"), of an incident of a missing guest who had dementia and without providing the information in the logbook either. While Ryan and I were on our shift, Jose Rivero ("Jose") called to follow up about this missing guest, as it was very dangerous. We had no information about the matter and it was not properly described in the logbook, so Jose asked for Fabricio's cell phone number. Fabricio flew into a rage at being disturbed at lunch and came back screaming, "Why did you say to Jose..." and "I told you everything. I wrote it on a paper." Naturally, in an effort to avoid Fabricio telling a lie to Jose and saying I irresponsibly did not read the piece of paper, I called Jose back to tell him exactly what was on the paper, so Fabricio could not re-write the notes and try to get me in trouble.

17. Because of this incident, Fabricio told two other employees Gary Miles and Carlos "***If I had a gun, I would fucking shoot them.***"

18. Clearly, this was an incident I had to report to Human Resources because I feared for my life. Shockingly, Jose Rivero asked me, "***Did you only feel uncomfortable because you are a woman?***"Jose Rivero also asked Ryan Siskar, "***Did Abigail get you to report this because she is a woman?***"

19. Earlier, I spoke to Jose and John directly about the incident. After confessing that they had similar issues with Fabricio in the past, they still requested that I do not report the incident to Human Resources and also asked if I was threatened because I was a woman. I believe these senior male managers provided false information to Human Resources to color the investigation and to blame my gender as the reason why such egregious threats of workplace violence and murder should be acceptable.

20. Because Fabricio was a "macho" guy that fit into the boys club in the security unit, he was allowed to just resign and ***returned to work at the Met shortly thereafter***.

3

21. By contrast, only I suffered egregious retaliation. I was split up from Ryan in most of my shifts. Isabelle Dudek and Olivia Boudet ("Olivia"), both office managers, would not speak with me or Ryan after the incident with Fabricio. I felt isolated, and started taking anxiety medication and experiencing frequent nosebleeds.

22. Fabricio also has a history of picking on women, particularly Edlira Luca, who had reported him to the managers on multiple occasions. The managers did nothing about this. He said to a supervisor that the "black team is always winning because they run faster" in front of me and Diana. Many of the male staff in the security unit spoke in Spanish at work.

23. Knowing that I am half Black, Fabricio would say, "Black people run so fast because they are used to running from lions all the time." Although these comments were made in front of Olivia, a manager, nothing was done about it. Therefore, Fabricio's discrimination and power only grew. In fact, Olivia grew silent and retaliatory towards me after I reported Fabricio's threat to kill me.

24. Another female guard, Gabriella Szpunt, was unfairly treated by management after reporting that she was groped by a contractor.

25. Another female employee, Meghan Oare, has experienced very similar gender discrimination and recently filed an EEOC Charge. My attorney can provide a copy of her EEOC Charge upon request.

26. Due to this rising retaliation and my deteriorating health condition, I transferred to the registrar's office. Unfortunately, the discrimination and retaliation followed me there, and I was called "stupid" because I came from the security unit. I believe Human Resources and other members of management warned the registrar's office about me and indicated that I would be a human resources problem. When I spoke to HR about the continued discrimination and retaliation, I was simply told to leave and that they will not contest my unemployment insurance.

27. As a result of these events, I was forced to resign from the Met on October 28th, 2015.

28. Gender discrimination was pervasive in the terms and conditions of my employment – it exists at the highest levels, in terms of our ability to feel safe in the workplace and advance at work, down to the smallest but important realities, like having separate locker rooms where men have better amenities and privileges. The locker room is also another means for men to abuse women.

29. The Met encourages a severe and pervasive hostile work environment against its female employees in security. It is widely known that female security guards are not respected across the museum and treated very poorly. The Met capitalizes on its reputation in art globally and lures in American women, often not from New York, to make them work

4

extremely hard for low pay while treating them with disrespect, hostility, discrimination and retaliation.

30. Filing of a complaint to Human Resources constitutes protected activity under New York Human Rights Law. *See e.g. Basak v. N.Y. State Dep't of Health*, 9 F. Supp. 3d 383 (S.D.N.Y. 2014). Isolating an employee from others and verbal harassment paints a mosaic of retaliation. *See Conforti v. Sunbelt Rentals, Inc.*, 2016 U.S. Dist. LEXIS 107646 (E.D.N.Y 2016).

31. I believe that it is entirely impossible for any woman to really succeed in the Met if the New York State Division of Human Rights or another government entity concerned about discrimination does not step in.

32. I provide the foregoing information to assert my rights under New York State Human Rights Law to invoke the jurisdiction of the New York State Division of Human Rights to investigate this complaint. Nothing in this complaint is intended to constitute a waiver of any right to seek judicial relief under local laws with respect to the conduct complained of herein.

33. I will advise the Division of any change in my address or phone number and I will cooperate in the proper processing of, and investigation into, this complaint.

34. The facts and evidence concerning discrimination and retaliation at the Met are not limited to those described in this affidavit.

35. The Met is fully aware of the actions described in this Affidavit, as well as the discriminatory and retaliatory motives of its managers and employees, as it has been reported to them many times by me and others, but makes no effort to change the hostile work environment although they have the authority to do so.

*ABIGAIL N CLARKE*
Abigail Clarke

Sworn to before me this
___18___ day of October, 2016

_____
Notary Public

Omar Zoheir
Notary Public
Maricopa County, Arizona
My Comm. Expires 11-30-19

5

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

*ABIGAIL N CLARKE*
Sign your full legal name

Subscribed and sworn before me
This 18 day of 10 , 2016

Signature of Notary Public

County: Maricopa   Commission expires: 11-30-2019

Omar Zoheir
Notary Public
Maricopa County, Arizona
My Comm. Expires 11-30-19

Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.

9