**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×
ABIGAIL CLARKE,

       *Plaintiff,*

       v.

METROPOLITAN MUSEUM OF ART,

       *Defendant.*
------------------------------------------------------------------------×

**17 CV 0967**

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
212.425.2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff Abigail Clarke respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Reconsideration.

On February 9, 2017, Ms. Clarke filed her Complaint against Defendant Metropolitan Museum of Art (the "Museum"), alleging violations of § 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq.* Plaintiff's basis for federal jurisdiction, as stated in the Complaint, is diversity; Ms. Clarke is a citizen of the State of Arizona, and the Museum is a citizen of the State of New York.

On March 3, 2017, Defendant filed its Motion to Dismiss the Complaint (the "Motion"), which was fully briefed on April 21, 2017. On November 21, 2017, the Court granted the Museum's Motion, dismissing with prejudice Ms. Clarke's claims arising under § 1981 and declining to exercise pendant jurisdiction over Ms. Clarke's claims arising under the NYCHRL (the "Order").

Plaintiff now urges the Court to vacate the Order with respect to her NYCHRL claims on the grounds that these claims are properly before the Court on diversity jurisdiction.

## STANDARD

Local Civil Rule 6.3 permits a party to move a court to reconsider or reargue a motion. L. CIV. R. 6.3; *see Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), *aff'd sub nom. Fulani v. Bentsen*, 35 F.3d 49 (2d Cir. 1994). Reconsideration is appropriate where a court has "overlooked controlling decisions or factual matters that were put before it on the underlying motion," and which, had they been considered, "might reasonably have altered the result before

1

the court." *Yurman Design Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307 (JFK), 2000 WL 217480, at *1 (S.D.N.Y. Feb. 22, 2000). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *S.E.C. v. Neto*, 27 F. Supp. 3d 434, 439 (S.D.N.Y. 2014).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The following is a summary of the relevant procedural history in this action.

Ms. Clarke filed her Complaint against the Museum on February 2, 2017, alleging hostile work environment, wrongful termination, and retaliation claims under § 1981 and the NYCHRL. (Compl. ¶¶ 82–111; Dkt. No. 1.)  Although Ms. Clarke did bring federal claims against the Museum, Plaintiff's basis for jurisdiction in federal court was diversity; Ms. Clarke is a citizen of the State of Arizona, and the Museum is a citizen of the State of New York.  (Compl. ¶ 5.)

The Museum filed its Motion to dismiss the Complaint on March 3, 2017.  (Dkt. Nos. 8–11.)  The Motion was fully briefed on April 21, 2017.  (Dkt. Nos. 14–17.)  The Court granted the Motion on November 21, 2017 (Dkt. No. 20), dismissing Ms. Clarke's § 1981 claims with prejudice and declining to exercise jurisdiction over Ms. Clarke's NYCHRL claims, as "the Court has dismissed all federal Counts […]."  (*Clarke v. The Metropolitan Museum of Art*, No. 17 CV 967, at 15–16 (S.D.N.Y. November 21, 2017).)

## ARGUMENT

The Court should reconsider its dismissal of Ms. Clarke's NYCHRL claims because those claims are properly before the Court on diversity jurisdiction.

Federal courts have two bases of jurisdiction: federal question and diversity.  Federal question jurisdiction involves questions of federal law.  28 U.S.C § 1331.  A court may exercise supplemental jurisdiction over state and local claims so related to the claims in the action within

such original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367.  Diversity jurisdiction is exercised over disputes between citizens of different states where the sum in question exceeds $75,000.  28 U.S.C. § 1332(a).

The Court, having dismissed all federal Counts, declined to exercise pendant jurisdiction over Ms. Clarke's NYCHRL claims and dismissed those claims without prejudice.  (*Clarke v. Metropolitan Museum of Art*, No. 17 CV 967, at 15–16; Dkt. No. 20.)  The Court cited to *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998), for the proposition that "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus*, however, is inapposite here, as it deals with a case before a federal court on federal question jurisdiction, not diversity.  *Id.* at 52 ("Where, as here, there is no diversity of citizenship, 'federal-question jurisdiction is required' for removal") (internal citations omitted).

Here, Ms. Clarke was before this Court on diversity jurisdiction because Ms. Clarke is a citizen of the State of Arizona, as she resides in the State of Arizona, and the Museum is a citizen of the State of New York, as it is a not-for-profit corporation organized under the laws of the State of New York with its principal place of business in the State of New York.  (Compl. ¶¶ 5, 8–9.)  While the Court had federal question jurisdiction over Ms. Clarke's § 1981 claims, these claims were not the basis of the Court's jurisdiction.

As such, the Court should exercise jurisdiction over Ms. Clarke's NYCHRL claims, as those claims are properly before the Court on diversity jurisdiction, and should vacate the Order with respect to Ms. Clarke's NYCHRL claims.

## CONCLUSION

Plaintiff respectfully requests that the Court vacate the Order and deny Defendant's Motion with respect to Ms. Clarke's NYCHRL claims, as the Court has always had jurisdiction

over these claims under its diversity jurisdiction.

Dated: New York, New York
December 5, 2017

                              Respectfully submitted,

By:    s/ Walker G. Harman, Jr.
        Walker G. Harman, Jr. [WH-8044]
        Edgar M. Rivera [ER-1378]
        THE HARMAN FIRM, LLP
        220 Fifth Avenue, Suite 900
        New York, NY 10001
        212.425.2600
        wharman@theharmanfirm.com
        erivera@theharmanfirm.com

        *Attorneys for Plaintiff*